**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DAMANTAE D. GRAHAM, | ) | CASE NO. 1:26-CV-00867 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| ANGELA STUFF, *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

**Background**

*Pro se* Plaintiff Damantae D. Graham, a prisoner incarcerated in the Richland

Correctional Institution (RCI), has filed an *in forma pauperis* "Class Action Complaint,"

purportedly on behalf of himself and a class of other inmates similarly situated, against RCI

Warden Angela Stuff and Ohio Department of Rehabilitation and Corrections Director Annette

Chambers-Smith. (R. 1). He also filed a Motion for Class Certification. (R. 3.)

In his Complaint, Plaintiff alleges discrimination and unconstitutional conditions of

confinement and seeks monetary, declaratory, and injunctive relief. (R. 1). He complains he has

been denied privileges "such as visits, commissary, packages, [and] out of cell time," as well as

privileges "afforded to other prisoners in segregation" ("such as: use of personal home tablet,

access to offline music, photo gallery, religious library"). (*Id*. at ¶¶ 3, 10.). In addition, he

complains he is housed with other prisoners in a two-man cell and has been "repeatedly

disrespected by them calling him names, such as bitches and pussies." (*Id*. at ¶ 3.). And he

complains that he was sent to segregation for a non-violent rule violation without being present

at any hearing and that he has been denied access to legal resources and restricted from filing grievances. (*Id*. at ¶¶ 5-7.).

## Standard of Review

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits. *See*, *e.g.*, *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001). Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

To survive dismissal for failure to state a claim, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals of *pro se* complaints for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)). In addition, to survive dismissal a complaint must also set forth allegations sufficient to give the defendant fair notice of what the plaintiff's legal claims against him are and the factual grounds upon which the claims rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

**Discussion**

Upon review, the Court finds that Plaintiff's Complaint warrants dismissal pursuant to §1915(e)(2)(B), rendering his Motion for Class Certification (R. 3) moot.

First, as an initial matter, "a *pro se* litigant may represent himself on his own claims, but [he] may not act in a representative capacity," or represent a class of inmates in class action litigation. *See Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (holding that *pro se* litigants are "inadequate class representatives"); *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (holding that "[p]ro se prisoners generally may not bring class action lawsuits concerning prison conditions"). Plaintiff has not offered a persuasive basis for departing from the general rule that *pro se* plaintiffs are not adequate class representatives, so the Court denies his motion for class certification, (R. 3), and finds his Complaint must be dismissed to the extent he purports to represent a class or anyone other than himself. *See Sanders v. Macauley*, No. 22-1502, 2022 WL 16729580 (6th Cir. Aug. 10, 2022).

Second, even to the extent Plaintiff purports to represent his own interests, his Complaint is insufficient to allege a federal civil rights claim against Defendants upon which relief may be granted relief. Plaintiff has not alleged facts attributing any specific wrongful conduct to Defendants Stuff and Chambers-Smith, or allegations plausibly suggesting that they may be liable for the treatment and conditions of which he complains. It appears he seeks to hold Defendants liable on the basis of their overall prison responsibilities or supervisory authority. But it is well established that liability for constitutional rights violations cannot be imposed on supervisory prison officials solely on the basis of respondeat superior. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). Liability must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Id.*

3

And where, as here, individuals are merely named as defendants in a civil rights action without supporting specific allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

## Conclusion

Accordingly, for the foregoing reasons, Plaintiff's Complaint, (R. 1), is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Motion for Class Certification, (R. 3), is hereby DENIED.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

SO ORDERED.

Date:  July 20, 2026

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

4